### 6833

#### SALLEY v. SEABOARD AIR LINE RY.

Costs.—In appeals to Circuit from magistrate courts, parties are not now allowed by statute three dollars for proceedings before trial and five dollars for trial of appeal.

Before DANTZLER, J., Richland, July, 1907.    Affirmed.

Action by J. I. Salley against Seaboard Air Line Railway. From order sustaining clerk's taxation of costs, plaintiff appeals.

*Messrs. DePass & DePass* and *James H. Fowles, Jr.,* for appellant, cite: 15 Stat., 552; 17 Stat., 273; 22 Stat., 429; Rev. Stats., 1893, 2552; 21 Stat., 30; Rev. Stat., 1893, 2549, 2550, 2551; 17 Stat., 297; 26 Ency., 760; 23 Stat., 963; Code of Proc., 373.

*Mr. Edward L. Craig,* contra, cites: Code of Proc., 373; 17 Stat., 297; 21 Stat., 30; 22 Stat., 429; Rev. Stat., 1893, 2552; 26 Ency., 760-1; 73 S. C., 20; 45 S. C., 7; 59 S. C., 496.

March 30, 1908.    The opinion of the Court was delivered by

MR. JUSTICE WOODS. The issue on this appeal is an order of the Circuit Judge striking out of the taxation of costs the items three dollars for proceedings before trial and five dollars for trial, allowed plaintiff by clerk for the appeal from the magistrate's court. As the action was commenced after 12th January, 1893, and was not on a contract which was liquidated at that time, these items could not be allowed under Section 3099 of Civil Code.

The fallacy of argument of counsel that they are authorized by Section 373 of the Code of Procedure will be apparent from a short statement of the legislation on the subject. The argument rests on the theory that these items of cost are given by Section 373 of Code of Procedure to the successful litigant himself and not to his attorney, and, therefore, they are not embraced in the statutes doing away with attorney's costs except in certain specified cases.

The act of 1878, 16 Stat., 624, after setting forth in Sections 2 and 3 costs to be allowed plaintiff's and defendant's attorneys, provides in Section 4, "Appeals from trial justice courts for plaintiff or defendant; for all proceedings before trial, three dollars; for trial of the cause, five dollars." It was, no doubt, on the authority of this statute that a change was made and the same provision for costs was inserted in Section 373 of Code of Civil Procedure. By the act of 1880, 17 Stat., 296, Section 4 of the act of 1878 was expressly repealed and the items of costs on appeal from a magistrate's court, therein mentioned, were allowed in express terms to the attorneys.

Without tracing in detail the subsequent course of legislation on the subject of costs, it is sufficient to say that, in substance, the act of 1880 is still of force, but limited to cases of appeal to the Supreme Court and "in actions which were pending, or on existing contracts which were liquidated on the 12th day of January, 1893." Civil Code, Sections 3098, 3099. If these sections and Section 373 of Code of Procedure are construed to have no dependence on each other,

we would have the curious result that, in the cases falling under Section 3099 of Civil Code, the successful party and his attorney would both be allowed to tax separately the same items of costs. The true view is the two sections refer to the same matter,—that is, attorney's costs; and such costs are allowable under Section 373 of Code of Procedure only in those cases falling under Section 3099 of Civil Code.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.